STATE OF NORTH CAROLINA v. BOBBY ALEX MOORE AND JAMES LEE SMITH

No. 7519SC478

(Filed 15 October 1975)

**1. Criminal Law § 162— objectionable question — failure to object at trial**

Where defendants contend on appeal that the trial court erred in permitting the district attorney to ask one defendant if he had participated in a crime unrelated to the charge for which he was being tried, but defendants failed to object to the question at trial, the competency of the evidence is not presented.

**2. Burglary and Unlawful Breakings § 7— verdict of "guilty as charged" — no ambiguity**

The verdict of the jury was not improper and ambiguous where the clerk asked the foreman, "How do you find the defendant, Bobby Moore, is he guilty or not guilty of felonious breaking and entering?" and the foreman replied, "He is guilty as charged."

APPEAL by defendants from *Walker, Judge*. Judgment entered 4 March 1975 in Superior Court, MONTGOMERY County. Heard in the Court of Appeals 23 September 1975.

Defendants were indicted and tried on the charge of breaking and entering. Mrs. Lillian Bowden testified that the defendants forced open the back door to her home and entered without her permission and told her to give them her money. She tried to make the defendants leave and reached for her scissors and began screaming. The defendants went out the back door without taking any money.

Mrs. Bowden is blind but was able to identify the defendants by their voices. The defendants offered evidence attempting to establish that they did not break into the Bowdens' home. Furthermore, the defendants attempted to prove that Mrs. Bowden could not have recognized their voices. Both of the defendants took the stand and testified.

Mrs. Bowden was recalled and stated that she had left the courtroom after her testimony. She returned to the courtroom and again identified the defendants by their voices.

The jury returned a verdict of guilty of felonious breaking and entering. From a judgment imposing an active sentence, the defendants appealed to this Court.

*Attorney General Edmisten, by Assistant Attorney General T. Buie Costen, for the State.*

*Carl W. Atkinson, Jr., for defendant appellants.*

ARNOLD, Judge.

[1] Defendants contend that the trial judge erred in permitting the District Attorney to ask defendant Bobby Alex Moore if he had participated in a crime unrelated to the charge for which he was being tried. Though he assigns error, there is no indication that the defendant objected to the District Attorney's question. "Where there is no objection to the admission of evidence, the competency of the evidence is not presented." *Cogdill v. Highway Comm.* and *Westfeldt v. Highway Comm.,* 279 N.C. 313, 182 S.E. 2d 373 (1971) ; *State v. McKethan,* 269 N.C. 81, 152 S.E. 2d 341 (1967).

However, defendants' argument has been reviewed and no error is found. A criminal defendant may be asked, for the

purposes of impeachment, whether he has committed criminal acts or other specified acts of reprehensible conduct, provided the question is in good faith. *State v. Lowery,* 286 N.C. 698, 213 S.E. 2d 255 (1975). Defendants offered no proof that the District Attorney acted in bad faith and this Court cannot find that he did not act in good faith.

Defendants further contend that the trial judge erred in permitting the State to reopen its case and refusing to strike the new testimony. Though defendants again failed to raise any objection, we have considered the merits of defendants' argument and find that the trial judge did not abuse his discretion in permitting the State to reopen its case.

Defendants argue that the trial judge expressed an opinion on the evidence in violation of G.S. 1-180 by giving greater weight to the State's evidence than to the defendants. Defendants concede that the number of words used or the number of pages covered is not the controlling factor in whether or not unequal stress is given. Reading the recapitulation of the evidence for both sides, this Court finds no error in. the trial judge's charge.

[2] Finally, it is argued that the Court erred in taking the verdict in that the verdict as to Bobby Alex Moore was improper and ambiguous. The clerk asked the foreman, "How do you find the defendant, Bobby Moore, is he guilty or not guilty of felonious breaking and entering?" The foreman replied, "He is guilty as charged." Clearly the verdict was unambiguous.

No error.

Judges MORRIS and HEDRICK concur.