STATE OF NORTH CAROLINA v. ALBERT VERNON GRANT, JR.

No. 784SC850

(Filed 20 February 1979)

1. **Criminal Law § 117.4— accomplice testimony—request for instruction required**
    In the absence of a request, the trial court was not required to charge the jury to scrutinize closely the testimony of defendant's accomplice; moreover, there was no merit in defendant's contention that, because the court charged as to how the jury should consider the testimony of the accomplice's accomplice which corroborated the testimony of the accomplice, the court was then required to charge the jury to scrutinize closely the testimony of defendant's accomplice.

2. **Criminal Law § 113.1— jury instructions—recapitulation of evidence**
    Where defendant testified that he realized his young accomplice "would do about like I asked him to," the trial court properly recapitulated the evidence by stating as a contention of defendant that "defendant . . . realized [his accomplice] is a young man who is susceptible to being influenced by older people."

3. **Criminal Law § 142.4— probation—submission to warrantless searches—improper condition**
    The condition of defendant's probation that he submit to a search by any law enforcement officer without a warrant was invalid. G.S. 15A-1343.

APPEAL by defendant from *Small, Judge*. Judgment entered 11 May 1978 in Superior Court, DUPLIN County. Heard in the Court of Appeals 11 January 1979.

The defendant appeals from a conviction of accessory before the fact to felonious larceny. The State's evidence showed that Charles Teachey and John Kennion took a livestock trailer which belonged to Mercer Sumner. Teachey, who was 17 years old and had worked for the defendant, testified that the defendant offered him $100.00 to get the trailer. Kennion testified by way of corroboration that Teachey had told him defendant had offered Teachey $100.00 to get the trailer.

The defendant acknowledged asking Teachey to obtain the trailer for him. He contended, however, that it was done in a joking manner, that he did not intend that Teachey do it, and he did not believe Teachey would do it under the circumstances.

State v. Grant

*Attorney General Edmisten, by Assistant Attorney General Richard L. Griffin, for the State.*

*William E. Brewer, Jr., for defendant appellant.*

WEBB, Judge.

[1] The defendant argues first that the court erred in not charging the jury to scrutinize closely the testimony of Teachey who was an accomplice of the defendant. No request was made for such a charge. This being a subordinate feature of the case, the court was not required to charge on it absent such a request. 4 Strong, N.C. Index 3d, Criminal Law, § 117.4, p. 621. The defendant contends, however, that the court having charged as to how the jury should consider the testimony of Kennion which corroborated the testimony of Teachey, it was then required to charge the jury to scrutinize closely the testimony of the accomplice. Defendant relies on *State v. Paige*, 272 N.C. 417, 158 S.E. 2d 522 (1968) for this proposition. In that case, the issue was whether the trial court properly admitted the police officer's testimony to corroborate accomplices of the defendant. In holding that the evidence was properly admitted, the Supreme Court noted that the superior court had properly charged the jury as to how to consider the accomplice's testimony. We do not find that it supports the argument advanced by defendant. This assignment of error is overruled.

[2] The defendant also contends the court committed error in the charge when it stated a contention of the defendant as follows: "The defendant . . . realizes Charles Teachey is a young man who is susceptible to being influenced by older people . . . ." The defendant contends the use of the word "realizes" was tantamount to charging the defendant had admitted those facts. The defendant had testified that he realized Charles Teachey "would do about like I asked him to." We hold this was a fair recapitulation of the defendant's testimony.

[3] The defendant's last assignment of error deals with the sentence imposed. The defendant was sentenced to 30 months, with 6 months to be served actively and 24 months to be suspended. The defendant was placed on probation after serving the 6 months. One condition of probation is that "upon request of any law enforcement officer, he shall consent to a search for stolen

property of his person, the premise where he resides, or any vehicle in his possession, without first requiring such officer to obtain a search warrant, . . . ."

G.S. 15A-1343 provides:

(b) Appropriate Conditions.—When placing a defendant on probation, the court may, as a condition of the probation, require that during the period of probation the defendant comply with one or more of the following conditions:

*    *    *

(15) Submit at reasonable times to warrantless searches by a probation officer of his person, and of his vehicle and premises while he is present, for purposes reasonably related to his probation supervision. The court may not require as a condition of probation that the probationer submit to any other search that would otherwise be unlawful.

G.S. 15A-1343 was adopted as Chapter 711 of the 1977 Session Laws which says at section 39:

"This act shall become effective July 1, 1978, and applies to all matters addressed by its provisions without regard to when a defendant's guilt was established or when judgment was entered against him, . . . ."

As we read this statute, its effective date is 1 July 1978 and it applies to all judgments entered before that date. For that reason, the requirement that he submit to a search by any law enforcement officer without a warrant is invalid. We do not remand the case for resentencing, but hold that this provision of the suspended sentence shall not be enforced.

We note that by this provision of the criminal procedure act, prohibiting in a probation judgment the requirement that defendants allow searches by law enforcement officers without warrants, the General Assembly has struck down a tool that has often been used by the courts. It will place a restriction on law enforcement officers. It is also important, we think, that in those cases in which the judge is wavering between an active or a suspended sentence, it might tip the scales in favor of an active

sentence because the judge cannot impose the type sentence he feels is appropriate. The General Assembly may want to reconsider this provision.

Modified and affirmed.

Judges PARKER and ARNOLD concur.