STATE OF NORTH CAROLINA v. CURTIS HARPER

No. 803SC1065

(Filed 21 April 1981)

1. Criminal Law § 73.2– testimony not within hearsay rule

In a prosecution for felonious possession of stereo speakers stolen from a church, a witness's testimony about a conversation he had with a person at the church concerning the stolen speakers was not inadmissible hearsay since it was not offered to prove the truth of the matters asserted therein but was offered to show why the witness later got in touch with the person at the church after defendant had offered to sell the speakers to him.

2. Criminal Law § 77.2– testimony not excludable as self-serving declaration

In a prosecution for felonious possession of stereo speakers stolen from a church, a witness's testimony that he was attempting to obtain the stolen speakers in order to return them to the church and that he did not intend to keep them was not excludable as a self-serving declaration.

3. Larceny § 6.1; Receiving Stolen Goods § 4– value of stereo speakers — opinion testimony

In a prosecution for felonious possession of stereo speakers stolen from a church, the trial court did not err in permitting a trustee of the church to state his opinion that the two speakers had a value of about $200 each where the trustee was familiar with the purchase of the church's sound system and testified that the speakers were a part of the sound system which had an installation cost of $1,200, and where the speakers were present in the courtroom so that the jurors could see them and decide for themselves whether the trustee's evaluation of the speakers was reasonable.

4. Receiving Stolen Goods § 5.1– felonious possession of stolen property – sufficiency of evidence

The evidence was sufficient for the jury in a prosecution for felonious possession of stereo speakers stolen from a church where the jury could have found that the speakers had a value of more than $400 from testimony by a church trustee that the speakers were valued at "about $400," and where the jury also could have found that defendant knew or had reason to know that the goods had been stolen pursuant to a breaking and entering from the trustee's testimony about discovery of the theft, an officer's testimony that a report of the theft had been made by church officials on 28 March, and defendant's testimony that he fled when a policeman stopped him with the speakers in his possession on 3 April because he suspected that the speakers might have been stolen.

5. Criminal Law § 117.4– charge to scrutinize accomplice testimony – absence of request

In the absence of a special request, the trial court need not charge the jury to scrutinize carefully the testimony of an accomplice.

**6. Criminal Law § 112.4– instructions on circumstantial evidence – absence of request**

In the absence of a special request, the trial court need not charge the jury on establishing guilt by circumstantial evidence.

APPEAL by defendant from *Barefoot, Judge.* Judgment entered 3 September 1980, CRAVEN County Superior Court. Heard in the Court of Appeals on 10 March 1981.

Defendant, Curtis Harper, was indicted and convicted of felonious possession of stolen goods — two loudspeakers having the value of $400 and being the personal property of the First Baptist Church of New Bern. From a verdict and active prison sentence, defendant appeals.

At trial, Bernie Woodfork testified for the State that in April 1980, defendant asked him if he were interested in buying some speakers which defendant stated he owned, and Woodfork told defendant he "was interested in them." Woodfork, however, knew that the First Baptist Church was missing a set of speakers, so Woodfork left defendant long enough to go to the church to see a picture of the speakers. When Woodfork returned, defendant took him to an apartment house in which defendant's sister lived, removed the hinges from a closet door, and showed Woodfork the two speakers. Woodfork again told defendant that he was interested in buying the set of speakers, which he recognized as looking exactly like the speakers shown in the picture at the church.

Woodfork and defendant took the speakers in Woodfork's car to a friend's house to see if they worked, and when they were unable to test them on the friend's equipment, they left. As Woodfork and the defendant were loading the speakers back into Woodfork's car, a New Bern Police Officer drove up in an unmarked car. Defendant dropped the speaker he was carrying and ran. The policeman confiscated the speakers and told Woodfork that his car could be impounded if the speakers were stolen. Woodfork then located the defendant and told him that they had to go to the police station and straighten out the matter. Defendant told Woodfork to tell the police that he had bought the speakers from a Marine.

Bradley Cheatham, a trustee of the First Baptist Church of New Bern, identified the speakers that police took from Woodfork as those missing from the church. He testified that the

speakers were part of a system which cost the church $1,200 and estimated their value at $200 each. A New Bern Police Officer testified that the model and patent number of the speakers taken from Woodfork were identical to the numbers of the speakers taken from the church.

Defendant testified that on 3 April 1980 he was with Woodfork at a New Bern apartment house when a male, who appeared to be a Marine, approached them offering to sell stereo speakers to Woodfork. Woodfork and the Marine pried open a padlocked closet and inside were three speakers, one black and two brown ones. Woodfork paid the Marine some money for the two brown speakers, and Woodfork and the defendant took the speakers to a friend's house to try them out. When the friend's stereo system would not fit the speakers, they carried them back to Woodfork's car. At that time, a police car drove up. Defendant then realized that the speakers might be stolen and because he did not want to get in trouble, he walked away. He agreed to go with Woodfork to the police station to straighten out the matter because he knew nothing about the speakers.

*Attorney General Edmisten, by Assistant Attorney General James Peeler Smith, for the State.*

*Bowers & Sledge, by E. Lamar Sledge and Robert G. Bowers, for the defendant appellant.*

BECTON, Judge.

[1] Defendant first contends that the court erred in permitting Woodfork to testify about a conversation he had with Carolyn Hickman at the First Baptist Church concerning the stolen stereo speakers. The basis for the hearsay assignment of error is as follows:

Q. Now, Mr. Woodfork, prior to the third of April, had someone talked to you about some speakers?

MR. SLEDGE: Objection.

THE WITNESS: There was a lady at the First Baptist Church that said she was missing some speakers.

MR. SLEDGE: Objection.

MR. BESWICK: Your Honor, may we approach the bench?

THE COURT: Yes.

(A bench conference was held without the hearing of the court reporter or the jury.)

THE COURT: Sustained.

BY MR. BESWICK: Mr. Woodfork, you say prior to the third of April you had a conversation with some lady; is that right?

A. Yes, sir.

Q. What was her name?

A. Carolyn Hickman.

MR. SLEDGE: Objection.

THE COURT: Overruled.

BY MR. BESWICK: Carolyn what?

A. Hickman.

I told Harper I was interested in them. Then I told him I would be back in a few minutes. I left and went to the First Baptist Church. I asked Carolyn Hickman if she had a picture of the speakers. She said yes, and showed me the picture. Then she called Capt. McConnell (of the New Bern Police Department).

"It is universally accepted that the testimony by a witness of what another person said is inadmissible hearsay if it is offered into evidence to prove the truth of the matter being asserted." *State v. Grier,* 51 N.C. App. 209, 213, 275 S.E. 2d 560, 563 (1981). *See also* 1 Stansbury N.C. Evidence, § 138 (2d ed. Brandis Rev. 1973). However, a statement offered for any other purpose than to prove the truth of the matter asserted therein is not inadmissible as hearsay. 1 Stansbury, *supra,* at §§ 138 and 141. The testimony concerning what Carolyn Hickman told Woodfork was offered to explain Woodfork's subsequent conduct. Hence, it was not subject to objection as hearsay. *See, e.g., State v. Shadding,* 17 N.C. App. 279, 194 S.E. 2d 55, *cert. denied,* 283 N.C. 108, 194 S.E. 2d 636 (1973); *State v. Miller,* 15 N.C. App. 610, 190 S.E. 2d 722, *cert denied,* 282 N.C. 154, 191 S.E. 2d 603 (1972), *cert. denied,* 410 U.S. 990 (1973). The testimony merely

showed why Woodfork later got in touch with Carolyn Hickman after defendant had approached him concerning whether he might be interested in buying the speakers.

Moreover, with respect to the first and second "objections" noted above, no motions to strike were made and no cautionary instructions were sought. Since the trial court sustained the objections to the testimony, the defendant has no further grounds to complain. *State v. Dickens*, 11 N.C. App. 392, 181 S.E. 2d 257 (1971).

**[2]** Woodfork testified that he was attempting to obtain the stolen speakers in order to return them to the church and that he did not intend to keep them. The defendant contends that this testimony should have been excluded as a self-serving declaration. We disagree. Indeed, the thrust of the entire testimony of Woodfork was that he was helping the church to recover the stolen property — he knew that the church's speakers had been stolen before he met defendant on 3 April 1980. After defendant showed him the speakers, Woodfork went to the church and talked to Carolyn Hickman and was shown photographs of the speakers; he was aware that Ms. Hickman had called the police with regard to his inquiry; and he recognized the speakers defendant showed him as being similar to the ones that were stolen from the church. Even if Woodfork's statement could be termed "self-serving," "[n]ot every erroneous ruling on the admissibility of evidence, however, will result in a new trial." *Board of Education v. Lamm*, 276 N.C. 487, 492, 173 S.E. 2d 281, 285 (1971).

It is also important to note here that the phrase "self-serving declaration" does not describe an independent ground of objection in North Carolina. "Hearsay statements are sometimes excluded on the ground that they are 'self-serving'." 1 *Stansbury, supra*, §140 at 466. However, if a statement is hearsay and does not fall within one of the hearsay exceptions, it is excluded, whether self-serving or not. If a statement fits an exception, then it is admissible even if self-serving, unless the particular exception prohibits it. (For example, declaration against interest.) *See Trust Co. v. Wilder*, 255 N.C. 114, 120 S.E. 2d 404 (1961); 1 *Stansbury, supra*, §140.

**[3]** Defendant also contends he is entitled to a new trial because the "[w]itness Cheatham ... was allowed to testify that

he had priced speakers of similar size or type, and that in his opinion the two speakers were of a value of about $200 each." Although an exception is set out in the record, defendant at no point objected to, or moved to strike, the testimony of the witness Cheatham. The competency of this testimony is therefore not properly before this court. *Cogdill v. Highway Comm.* and *Westfeldt v. Highway Comm.*, 279 N.C. 313, 182 S.E. 2d 373 (1971); *State v. Moore*, 27 N.C. App. 284, 218 S.E. 2d 499 (1975). Moreover, the testimony establishing the value of the speakers at $200 each was elicited by the defendant himself on cross examination. He cannot, then take exception to this testimony. *State v. Fletcher*, 279 N.C. 85, 96, 181 S.E. 2d 405, 413 (1971). In further support of the decision we reach, the record reveals that Mr. Cheatham was a trustee of the church and was apparently familiar with the purchase of the sound system — he testified that the speakers were a part of the sound system at the church having an installation cost of $1,200. Additionally, the speakers were present in the courtroom where the jury could see them and decide for themselves whether Cheatham's evaluation of the speakers was reasonable. When all of these factors are considered, admission of the testimony, even over objection, would not have been error. *Veach v. American Corp.*, 266 N.C. 542, 146 S.E. 2d 793 (1966); *Hopkins v. Comer*, 240 N.C. 143, 81 S.E. 2d 368 (1954).

[4] Defendant further contends that the court erred in denying his motion, made at the close of the State's case, to dismiss for insufficiency of the evidence. In support of his contention, he argues that there was no direct evidence of theft by breaking and entering and that the only evidence of a felony theft was the "opinion of a non-expert witness [Bradley Cheatham] ... [which was not] competent evidence of value. ..."

We note first that defendant's motion was not renewed at the close of all the evidence. Since defendant chose to put on evidence, error in the denial of the motion at the close of the State's evidence is deemed waived. *State v. Davis*, 282 N.C. 107, 191 S.E. 2d 664 (1972); *State v. Fountain*, 282 N.C. 58, 191 S.E. 2d 674 (1972). Nonetheless, "the sufficiency of all evidence introduced in a criminal case is reviewable on appeal without regard to whether a motion has been made during trial. ..." G.S. 15A-1227(d) and G.S. 15A-1446(d)(5); *State v. Alston*, 44 N.C. App. 72, 73, 259 S.E. 2d 767, 768 (1979).

Defendant was charged with feloniously possessing stolen property in violation of G.S. 14-71.1. The indictment could have supported proof either that defendant knew or had reason to know that the property was feloniously stolen pursuant to a breaking and entering, or otherwise by means described in G.S. 14-72(b), [1] or that the property stolen was of a value in excess of $400. The evidence presented at the trial would have supported a verdict under either theory. Since we find no error in Bradley Cheatham's testimony establishing that the speakers were valued "about" $400, there was evidence to support the conclusion that the goods were of a value of more than $400. The jury was free to consider Cheatham's estimation in light of their own appraisal from viewing the speakers in the courtroom. "An estimate has been held to be some evidence of value." *State v. Cotton*, 2 N.C. App. 305, 311, 163 S.E. 2d 100, 104 (1968).

Mr. Cheatham also testified about the discovery of the theft. Officer Dunn of the New Bern Police Department testified, without objection, that a report of the larceny had been made by church officials on 28 March 1980. Moreover, the defendant himself admitted on direct examination that he fled because he suspected that the speakers might have been stolen. This evidence taken together is sufficient to support a finding by the jury that the defendant knew or had reason to know that the goods had been stolen pursuant to a breaking and entering.

[5] Defendant asserts that the trial court committed prejudicial error in failing to instruct the jury, *sua sponte*, that it should carefully scrutinize the testimony of the alleged accomplice, Woodfork. Instructions on the testimony of an accomplice

---

[1] G.S. 14-72(b): The crime of larceny is a felony, without regard to the value of the property in question, if the larceny is:

(1) From the person; or

(2) Committed pursuant to a violation of G.S. 14-51 [First and second degree burglary], 14-53 [Breaking out of dwelling house burglary], 14-54 [Breaking or entering buildings], or 14-57 [Burglary with explosives]; or

(3) Of any explosive or incendiary device or substance. . . .

(4) Of any firearm. . . .

(5) Of any record or paper in the custody of the North Carolina State Archives as defined by G.S. 121-2(7) and 121-2(8).

are a subordinate feature of a case. In the absence of a special request, the court need not charge the jury to carefully scrutinize the testimony of an accomplice. *State v. Guffey*, 265 N.C. 331, 144 S.E. 2d 14 (1965); *State v. Grant*, 40 N.C. App. 58, 252 S.E. 2d 98 (1979). The record on appeal contains no such request by the defendant. Therefore, this assignment of error is meritless. *State v. Roux*, 266 N.C. 555, 563, 146 S.E. 2d 654, 660 (1966); *State v. Sealey*, 41 N.C. App. 175, 177, 254 S.E. 2d 238, 240 (1979).

**[6]** Defendant finally asserts that he is entitled to a new trial because the court failed to instruct, *sua sponte*, on establishing guilt by circumstantial evidence. Again, in the absence of a request for an instruction on this matter, the court is not required to so instruct the jury. *State v. Hood*, 294 N.C. 30, 44, 239 S.E. 2d 802, 810 (1978).

In this trial, we find

No error.

Judge VAUGHN and Judge WELLS concur.