State v. Howell

STATE OF NORTH CAROLINA v. BARBARA SULLENS HOWELL

No. 8027SC952

(Filed 21 April 1981)

Criminal Law § 142.3; Searches and Seizures § 13– probation condition – consent to searches by probation officer – participation of law officers in search

Where a valid condition of defendant's probation required her to submit at reasonable times to warrantless searches by a probation officer of her person, vehicle and premises as authorized by G.S. 15A-1343(b)(15), a probation officer's search of defendant's home was not unlawful because the officer was accompanied by four police officers who also participated in the search, and evidence discovered during the search was admissible in defendant's probation revocation hearing.

Judge CLARK dissenting.

APPEAL by defendant from *Lewis, Judge.* Order signed 12 June 1980 in Superior Court, CLEVELAND County. Heard in the Court of Appeals 11 February 1981.

Upon defendant's plea of guilty to forgery of a prescription for a controlled substance, she was given a suspended sentence and placed on probation for five years. Conditions of defendant's probation included, along with other terms, that she: "(1) Submit at reasonable times to warrantless searches by a probation officer of his person, and of his vehicle and premises while he is present, for purposes reasonably related to his probation supervision" and "(m)(4) That she not have on or about her possession any form of prescription or written prescription whatsoever for any Controlled Substance."

The State's evidence, through the testimony of Joyce D. Lee, defendant's probation officer, established that defendant's residence was searched by the probation officer and four law enforcement officers. The probation officer testified that a week before the search an informant advised her that defendant was using drugs. The day of the search, Sergeant Boyes of the Shelby Police Department, notified Joyce Lee that according to a reliable informant defendant had prescriptions, drugs and stolen merchandise in her possession.

As a result of the search several prescription forms were found in the basement of defendant's house, and several items

of stolen merchandise were found in the back yard. No search warrants were obtained by the police officers.

Defendant appeals from the denial of her motion to suppress the items found in the warrantless search and the subsequent revocation of her probation.

*Attorney General Edmisten, by Assistant Attorney General David Roy Blackwell, for the State.*

*O. Max Gardner III for defendant appellant.*

ARNOLD, Judge.

Assignments of error by defendant on this appeal question the legality of the warrantless search of her residence. She concedes the validity of the condition of her probation that she submit to reasonable searches by her probation officer. However, she contends that G.S. 15A-1343(b)(15) only authorizes a warrantless search of a probationer's home by a probation officer, and that police officers may not participate, either directly or indirectly, in the warrantless search. The probation officer, according to defendant's view of G.S. 15A-1343(b)(15), could not request assistance of police officers to conduct the search.

G.S. 15A-1343(b)(15) provides that as a condition of probation the court may require the probationer to:

> (15) Submit at reasonable times to warrantless searches by a probation officer of his person, and of his vehicle and premises while he is present, for purposes reasonably related to his probation supervision. The Court may not require as a condition of probation that the probationer submit to any other search that would otherwise be unlawful.

Arguing that the evidence obtained in the search should have been excluded, defendant cites this Court's opinion in *State v. Grant*, 40 N.C. App. 58, 252 S.E. 2d 98 (1979), for the proposition that law enforcement officials may not accompany a probation officer in a warrantless search of a probationer's home. In *Grant*, no search was ever made, but the probation condition that defendant submit to a warrantless search at the request of any law enforcement officer was struck down as violative of G.S. 15A-1343. The situation in *Grant*, however, is unlike the case now before us. The probation condition in the case *sub judice* provided that defendant submit to searches by

State v. Howell

her probation officer. We do not agree with defendant that the presence of the police officers brings the case within the purview of *Grant*.

Defendant admits that Joyce Lee and the officers arrived at her home together, and that Lee was present throughout the search of the residence. Joyce Lee testified that she enlisted the aid of the law enforcement officers, and that she actively participated in the search of the basement. The probation officer testified that after defendant failed to respond to her knocking at the door, she and the officers went around to the back of the house seeking entrance, and there discovered in plain view stolen merchandise still in the packing crates. When defendant finally opened the door, she was arrested, and the probation officer, along with the law enforcement officers, searched the house.

We find no merit in defendant's contention that Joyce Lee's actions in bringing the four law enforcement officers to help with the search was unreasonable. Joyce Lee stated that she knew defendant was living with a man, and that she would not have gone to the house without police assistance. As the State points out, it would have been difficult for Ms. Lee to conduct a useful search of the house described in the record, and keep watch of two individuals at the same time. A probation officer's search as authorized by G.S. 15A-1343(b)(15) is not necessarily invalid due to the presence, or even participation of, police officers in the search.

Moreover, we are not persuaded by defendant's argument that the warrantless search was initiated and accomplished by the police and was therefore unreasonable. Through the testimony of Joyce Lee the evidence is sufficient to support the trial court's finding that "under the circumstances disclosed by this evidence" the search was reasonable.

The order of the trial court revoking defendant's probation is

Affirmed.

Judge MARTIN (Harry C.) concurs.

Judge CLARK dissents.

CLARK, Judge, dissenting:

State v. Howell

The testimony of Probation Officer Joyce D. Lee, the only witness to testify at the revocation hearing, reveals the following:

1. Probation Officer Joyce D. Lee was informed the week before the 31 March 1980 raid and search that defendant was using drugs. The officer did not then visit or attempt to search defendant's home.

2. The Violation Report included charges that defendant had violated conditions of the probation judgment in that she had refused to work, and had refused to pay the court costs and fine, in addition to the charge of possessing prescriptions for controlled substances. Testimony was offered tending to show violations of all three conditions. The refusal to work and refusal to make payment violations had existed for some time, but were not reported until after the 31 March 1980 raid. It is noted that the revocation judgment appealed from included no finding of fact relative to violation of the work and payment provisions.

3. On the morning of 31 March 1980 the Probation Officer was advised by a telephone call from Officer Boyes that defendant, who lived with her boyfriend, possessed drug prescriptions and stolen property, according to information furnished by a reliable informant. No effort was made to get a search warrant.

4. Sgt. Boyes and three other law officers came by Probation Officer Lee's office; and they, in two cars, went to defendant's home. A fifth officer, Sgt. Roadcap, accompanied them in a third car for the purpose of supervising the transportation of stolen property from defendant's house to the police station.

5. Officer Lee and four law officers entered the home, and each made an independent search. The forged prescriptions for drugs and stolen property were found by the law officers.

My heart does not bleed for the defendant. There is substantial evidence that she willfully violated two other probation conditions which would justify revocation of probation. But I think the 31 March 1980 raid was instigated and primarily conducted by law enforcement officers, who used the probation officer with her search power as a substitute for a search warrant, and that under the circumstances the search was unreasonable and in violation of both G.S. 15A-1343 and the

Fourth Amendment. The prescriptions for controlled substances found in the search should have been excluded. I vote to reverse.