LILLIE H. ALLEN v. OLLIE LEE ALLEN

No. 828DC250

(Filed 19 April 1983)

1. **Husband and Wife § 11.2 — separation agreement — wife's consent for husband to go upon her property — reasonable opportunity to retrieve property**

A separation agreement which forbade defendant husband from going upon plaintiff wife's premises without her written consent did not give the wife the right to withhold her consent for defendant to go upon her premises to obtain personal property allocated to him by the agreement until sued for the recovery of such property but impliedly required plaintiff to accord defendant a reasonable opportunity to retrieve his property, and plaintiff's persistent and prolonged refusal to do so constituted a breach of the agreement which entitled defendant to damages.

2. **Husband and Wife § 11.2 — breach of separation agreement — matters not expressly mentioned in agreement**

In a counterclaim by defendant for breach of a separation agreement, the trial court properly admitted defendant's evidence that plaintiff disposed of a boat which was his, failed to pay a light bill incurred by her in defendant's name, and cashed income tax refund checks in which defendant had an interest, although such matters were not expressly mentioned in the separation agreement, since they were fairly encompassed by the agreement. Even if these matters were erroneously treated as breaches of the separation agreement rather than as independent claims, such error was harmless since each claim subjected plaintiff to the same liability set forth in the trial court's instructions to the jury, and all the claims would have been tried together since they all arose out of the marital state and had to be asserted as a counterclaim in plaintiff's divorce action. G.S. 1A-1, Rule 13(a).

3. **Evidence § 45 — opinion testimony as to value**

The trial court properly permitted defendant to give opinion testimony as to the fair market value of his television set, boat trailer, lumber, and electrical equipment where the evidence showed that defendant had purchased, collected, or built all of these articles and was familiar with their condition and use.

APPEAL by plaintiff from *Wright, Judge*. Judgment entered 28 October 1981 in District Court, WAYNE County. Heard in the Court of Appeals 19 January 1983.

After being married for twenty-two years, the parties entered into a separation agreement which recited the adjustment of all their claims against each other and a division of their debts and property, both real and personal. Some of the personal property allocated to defendant was situated on real estate allocated to the plaintiff, and the agreement expressly forbade the defendant from going on her real estate thereafter without her written consent.

Upon plaintiff's divorce action being filed a year later, the defendant counterclaimed, alleging that plaintiff had breached the separation agreement by wrongfully detaining or disposing of certain goods of his that were left on her property (a boat, television set, two trailers, "the assortment of lumber situated under the shelter at the farm, and the collection of electrical equipment used in making electrical repairs"), by failing to pay a light bill incurred in his name, and by cashing federal and state income tax refund checks that he had an interest in.

The plaintiff's divorce action was resolved at an earlier trial and the trial that concerns us involved only the defendant's counterclaim. Defendant's evidence supported his several allegations and showed that plaintiff not only refused to let him get his articles, but actually sold or wasted some of them. Though plaintiff testified that defendant was invited and encouraged to pick up his goods and failed to do so, she admitted that all the goods referred to in the counterclaim were owned by the defendant, they were left on her property, she sold some of defendant's electrical equipment, which she described as "junk," for $300, and her written consent for defendant to enter the premises and get his property was never given.

During the trial, over plaintiff's objection, defendant gave opinion testimony as to the fair market value of all the personal property involved, and plaintiff also objected to each of the Court's instructions to the jury with respect thereto. The jury found that plaintiff had breached the separation agreement and that defendant had been damaged thereby in the amount of $5,000. From judgment entered thereon, the plaintiff appealed.

*Hulse & Hulse, by Herbert B. Hulse, for plaintiff appellant.*

*Duke & Brown, by John E. Duke, for defendant appellee.*

PHILLIPS, Judge.

Though seven questions are presented, based on twenty-seven assignments of error and more than one hundred exceptions, they all can be resolved by examining and interpreting the separation agreement that is the basis for the counterclaim and the rules of evidence whereunder opinion testimony as to value is permissible. In doing so, it becomes clear that the trial below was conducted without prejudicial error to the plaintiff.

[1] First of all, the plaintiff's contention that the separation agreement—(which forbade the defendant to enter her premises without receiving her written consent and did not expressly require her to give her consent)—gave her the legal right to withhold her consent and retain defendant's goods until sued for its recovery, is rejected. Manifestly, a property settlement, in which one party remains at liberty to retain the other's property until sued for its possession, would be no settlement at all and a pointless absurdity, in the absence of special circumstances or an express recital to the contrary, of which there was none in this instance. Furthermore, a dominant purpose of all separation and property settlement agreements, whether recited or not, is to avoid litigation, rather than require it. In depriving the defendant of the relatively meager fruits of his bargain—(her bargain included the parties' homeplace in Goldsboro, a farm in Indian Springs, and their place at White Lake)—by refusing to let him possess and enjoy property acknowledged to be his, plaintiff was not acting under the sanction of either the agreement or the law. Even though not recited therein, the law wisely and justly deems that every party to a contract impliedly promises to do all those things reasonably necessary to enable the contract purposes to be realized, and to refrain from doing those things that would render the contract ineffective.

> . . . [T]he law will imply an agreement by the parties to
> a contract to do and perform those things that according to
> reason and justice they should do in order to carry out the
> purpose for which the contract was made. Moreover, in every
> contract there exists an implied covenant of good faith and
> fair dealing; and, more specifically, under such rule, the law
> will imply an agreement to refrain from doing anything
> which will destroy or injure the other party's rights to

receive the fruits of the contract. 17A C.J.S., Contracts § 328, pp. 284-86.

These salutary principles have been approved by our Supreme Court in *Lane v. Scarborough*, 284 N.C. 407, 200 S.E. 2d 622 (1973), *Edwards v. Proctor*, 173 N.C. 41, 91 S.E. 584 (1917), *Brown Chemical Company v. Atkinson, Cobb & Company*, 91 N.C. 389 (1884), and many other decisions. Thus, plaintiff was legally bound to accord defendant a reasonable opportunity to retrieve his property. Her persistent and prolonged refusal to do so, as the jury found, was a breach of contract, entitling the defendant to legal redress in damages.

[2] Three of the matters that defendant complained of and testified to, however, were not expressly mentioned in the separation agreement—a sixteen-foot boat and trailer of the defendants, allegedly conveyed away by her, state and federal income tax refund checks, which she allegedly cashed, and a light bill that she incurred in his name and admittedly didn't pay, causing him to be dunned several times by a credit bureau. Since the declared basis for the defendant's counterclaim was the separation agreement and it was silent as to these matters, plaintiff contends that receiving evidence about them and instructing the jury thereon was prejudicial error. We disagree.

Though not expressly referred to in the separation agreement, all these matters, in our view, were fairly encompassed by it. Each arose out of their marital state and involved a legal right of one kind or another; and it has been well held that a separation and property settlement agreement, nothing else appearing, imports "a full and final settlement of all property rights of every kind and character." *Bost v. Bost*, 234 N.C. 554, 557, 67 S.E. 2d 745, 747 (1951). Certainly that is what the circumstances import here. In addition to terminating their marital association, dividing the ownership of their four tracts of real property, acknowledging that each owned certain specific articles of personal property, and declaring that each was responsible for certain debts, the agreement recited that "all other personal property owned by the parties has been satisfactorily divided between the parties;" that each was obligated not to "interfere with the personal rights, liberties or privileges or affairs of the other;" and that neither would "incur any debts which will in any way obligate the other

---

---

party to pay the same." Converting defendant's boat and tax refunds and refusing to pay a bill incurred in his name were clear violations of both the letter and spirit of the contract.

But even if that was not the case, treating these matters as breaches of the separation agreement, rather than as independent claims, would be a mere error of form or nomenclature, rather than substance, and thus harmless. However treated, each claim, specifically alleged, upon proof, subjected plaintiff to the same liability set forth in the trial judge's instructions to the jury—to wit, the fair market value of the boat, trailer, and tax refund, and nominal damages for the unpaid light bill, which defendant had not paid either; and each claim would have been tried when it was, since all of them arose out of their marital state, the subject of plaintiff's divorce action, and had to be asserted in the counterclaim, if at all. Rule 13(a), Rules of Civil Procedure.

[3] Finally, the defendant's opinion testimony as to the fair market value of his television set, boat trailers, lumber, and electrical equipment was properly received and the Court's instructions with respect thereto were without error. The evidence shows that defendant had purchased, collected, or built all of these articles and was familiar with their condition and use, which adequately qualified him to testify as to their values. 1 Brandis, N.C. Evidence § 128 (2d ed., 1982). Expert knowledge or qualifications were not required. Though defendant did not show that he knew the market for similar items, his knowledge of and familiarity with the items involved enabled him to make an intelligent estimate of their values; which is all that the law requires in matters of this kind, the weight thereof being for the jury. *State v. Harper*, 51 N.C. App. 493, 277 S.E. 2d 72 (1981); *Harrelson v. Gooden*, 229 N.C. 654, 50 S.E. 2d 901 (1948).

Thus, in the judgment below, we find

No error.

Judges WEBB and BECTON concur.