STATE OF NORTH CAROLINA v. WILLIAM COKER DAVIS

No. 858SC1318

(Filed 6 May 1986)

1. **Receiving Stolen Goods § 5.1— knowledge shotgun was stolen—sufficient evidence**

    There was sufficient evidence in a prosecution for possession of stolen property for the jury to find that defendant knew or had reasonable grounds to know that a shotgun he possessed was stolen where the evidence tended to show that defendant was in a tavern with a person who made a call to a pawnshop; defendant left the tavern with this person; the shotgun was taken from a truck in the tavern parking lot at approximately this time; and defendant pawned the shotgun a short time later at a price much below its worth.

2. **Receiving Stolen Goods § 5.1— possession of stolen property—dishonest purpose**

    Evidence that defendant had possession of stolen property and pawned it rather than attempting to return it to its rightful owner would constitute evidence of dishonest purpose sufficient to support a conviction for possession of stolen property.

APPEAL by defendant from *Tillery, Judge*. Judgment entered 18 July 1985 in Superior Court, WAYNE County. Heard in the Court of Appeals 17 April 1986.

The defendant was tried for breaking or entering a motor vehicle, felonious larceny, felonious receiving of stolen goods, and felonious possession of stolen goods. The State's evidence showed that Tommy Newsome was in the Berkeley Tavern in Goldsboro on 16 January 1985. He had parked his pickup truck outside with his shotgun mounted on the inside of the rear window.

The defendant and Bill Vaughn came into the Berkeley Tavern while Mr. Newsome was there. They left but returned approximately twenty minutes later. Vaughn then made calls to Boulevard Pawn Shop and Swap Shop. Shortly thereafter the defendant and Vaughn left the tavern and did not return. When Mr. Newsome left the tavern he found that the back glass in his truck had been broken and his shotgun was missing. Mr. Newsome found the shotgun at the Boulevard Pawn Shop whose records indicated it had been pawned by the defendant on the day it was taken from the truck.

The defendant testified that he did not break into the truck or take the shotgun. He said that after he and Vaughn left the tavern they separated. He went behind a building and met a man who told him his name was Doug English. He bought the shotgun from Doug English for $50.00 and pawned it for that amount. He said that the man who called himself Doug English gave him a telephone number but when he called it he was told that he had the wrong number.

The defendant was found guilty of possession of stolen property and not guilty of the other charges. He appealed from the imposition of a prison sentence.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Archie W. Anders, for the State.*

*Vickory & Hawkins, by C. Branson Vickory, Jr., for defendant appellant.*

WEBB, Judge.

The defendant contends it was error not to dismiss the charge of possession of stolen property at the close of the State's

evidence and at the close of all the evidence. When the defendant put on evidence he waived his motion to dismiss at the end of the State's evidence. G.S. 15-173. In considering a motion to dismiss made at the close of all the evidence the defendant's evidence as well as the State's evidence may be considered. *State v. Harper*, 51 N.C. App. 493, 277 S.E. 2d 72 (1981).

[1] The defendant contends there was not sufficient evidence to submit to the jury as to two elements of the offense of possession of stolen property, these elements being that the defendant knew or had reasonable grounds to believe the shotgun was stolen and that he acted with a dishonest purpose in the possession of the shotgun. *See State v. Davis*, 302 N.C. 370, 275 S.E. 2d 491 (1981), for a discussion of the elements of this crime. We hold the State's evidence that the defendant was in a tavern with a person who made a call to a pawnshop, the defendant left the tavern with this person, the shotgun was taken from the truck at approximately this time and the defendant then had possession of the shotgun a short time later which shotgun he pawned is substantial evidence from which a jury could conclude the defendant knew or had reasonable grounds to know the shotgun was stolen. It is too much of a coincidence for the jury to be required to believe that the defendant happened to be on the scene when the shotgun was stolen and that he somehow came into possession of it at that time and immediately pawned it for much less than its value without any knowledge that it was stolen. If we consider the defendant's testimony, it strengthens the State's case. If the defendant happened to meet a man behind a building who offered to sell him a shotgun at a price much below its worth, this is evidence from which a jury could conclude he had reasonable ground to believe the shotgun was stolen. *See State v. Haywood*, 297 N.C. 686, 256 S.E. 2d 715 (1979).

[2] We also hold there was sufficient evidence that the defendant possessed the shotgun for a dishonest purpose. In *State v. Parker*, 316 N.C. 295, 341 S.E. 2d 555 (1986), our Supreme Court said, "We now hold that the 'dishonest purpose' element of the crime of possession of stolen property can be met by a showing that the possessor acted with an intent to aid the thief, receiver, or possessor of stolen property." *Id.* at 305, --- S.E. 2d at ---. We do not believe our Supreme Court intended that this be the exclusive definition of a dishonest purpose. If, as in this case, the

defendant had possession of the property and rather than attempting to return it to its rightful owner he pawned it, this would be possession for a dishonest purpose.

No error.

Judges EAGLES and PARKER concur.