Mace v. Chevy Chase Bank

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Marcum Mace,       
Respondent,
 
 
 

v.

 
 
 
Chevy Chase Bank,       
Appellant.
 
 
 

Appeal From Spartanburg County
Larry R. Patterson, Circuit Court Judge

Unpublished Opinion No. 2004-UP-643
Heard November 16, 2004  Filed December 20, 2004

AFFIRMED

 
 
 
Rivers S. Stilwell and Peter G. Siachos, both of Greenville, 
 for Appellant.
Joseph A. Mooneyham, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Chevy Chase Bank appeals a 
 circuit court order enforcing a settlement agreement entered into between it 
 and Marcum Mace.  We affirm.
FACTS
In September 1996, Marcum 
 Mace obtained a second mortgage to finance construction of a residential swimming 
 pool.  Payments were not to be made on the mortgage until construction of the 
 swimming pool was completed and the last payment given to the pool contractor.  
 Before construction was complete, Chevy Chase Bank acquired the mortgage and 
 began to prematurely assess interest and penalties on the loan.  Mace filed 
 suit against the Bank, seeking return of the mistaken penalties and interest 
 and correction of his credit history.  
The parties held mediation after considerable written 
 discovery was taken, including Maces credit report, and on September 11, 2001, 
 they entered into a written settlement agreement.  The Bank agreed to pay Mace 
 $20,000 and to refinance the principal loan on his home.  The agreement provided 
 the refinancing was contingent upon the submission and approval of an application 
 by Mace.  Mace and a representative of the Bank, as well as both attorneys, 
 signed the agreement, but it was neither filed with the court nor entered into 
 the record.  
In November 2001, the Bank paid the agreed upon 
 $20,000 and sent Mace a credit application.  Mace completed the application 
 and returned it to the Bank, but it was rejected because Mace used a pencil.  
 A second application, completed with a pen, was sent to the Bank on December 
 18, 2001.  No action was taken on this application until it was rejected in 
 February 2002 based on a negative credit history.  In August 2002, Mace commenced 
 the current litigation by filing a motion to compel settlement.  
At the hearing, Mace argued the Bank improperly 
 refused to refinance his home loan.  Specifically, Mace asserted the credit 
 report given to the Bank at the time the settlement took place showed no substantial 
 negative credit history.  Although he acknowledged his credit report did contain 
 negative history by the time the Bank took action on the application, Mace asserted 
 the negative history occurred as Mace allowed some things to go a little bit 
 late because he anticipated the refinance and having additional funds with which 
 to resolve some credit card bills.  Mace argued the settlement contemplated 
 approval for the refinancing at the time of settlement, not five months later.  

The Bank presented two reasons why the settlement 
 should not be enforced.  First, the Bank argued Rule 43(k), SCRCP, specifically 
 applied to the settlement, and because the settlement was not filed with the 
 court nor entered into the record, it was not enforceable.  Alternatively, the 
 Bank asserted the condition precedent to the refinancingsubmission and approval 
 of an applicationwas not met.  The Bank averred it considered Maces application, 
 but was just unable to approve it because of the negative credit history.  
On May 6, 2003, the circuit court issued an order 
 granting the motion to compel settlement.  The court ruled that Rule 43(k) did 
 not apply to the settlement agreement, and the Bank could not, by its own delay, 
 prejudice Maces application.  Accordingly, the court ordered the Bank to grant 
 the refinancing.  The Bank argues on appeal these rulings were in error.  
STANDARD OF REVIEW
An action to determine liability under a settlement 
 agreement is an action at law.  Pruitt v. South Carolina Medical Malpractice 
 Liability Joint Underwriting Assn, 343 S.C. 335, 339, 540 S.E.2d 843, 845 (2001).  
 [I]n an action at law, on appeal of a case tried without a jury, the findings 
 of fact of the judge will not be disturbed upon appeal unless found to be without 
 evidence which reasonably supports the judges findings.  Townes Assocs., 
 Ltd. v. City of Greenville, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976).  

LAW/ANALYSIS
The Bank first asserts the circuit court erred 
 in finding Rule 43(k), SCRCP, did not prevent enforcement of the settlement 
 agreement.  We disagree.  
Rule 43(k), SCRCP provides:  [n]o agreement between 
 counsel affecting the proceedings in an action shall be binding unless reduced 
 to the form of a consent order or written stipulation signed by counsel and 
 entered in the record, or unless made in open court and noted upon the record.  
 The Bank argues this rule applies and therefore, the settlement agreement is 
 unenforceable because it was neither entered into the record nor filed with 
 the court.  
While it is true the actual agreement was not entered 
 into the record, the Bank admitted there was an agreement.  Following a comment 
 by the trial judge that there was no question the parties entered into an agreement, 
 the Bank responded, [s]ure, Your Honor, and we dont contend that this isnt 
 a binding settlement by any means.  A short time later, the Bank again admitted 
 the agreements existence when it explained, [w]ere not trying to get out 
 of, of the settlement agreement here, Your Honor.  Because, Rule 43(k) does 
 not apply when an agreement is admitted or has been carried into effect, it 
 does not render this settlement unenforceable.  See Ashfort Corp. 
 v. Palmetto Constr. Group, Inc., 318 S.C. 492, 494 n.1, 458 S.E.2d 533, 
 534 n.1 (1995).  
The Bank also contends the circuit court erred 
 in failing to rule that a condition precedent to the refinancing had not been 
 fulfilled and in ruling that the Bank unreasonably delayed examining Maces 
 application.  Again, we disagree.
South Carolina case law defines a condition precedent 
 as any fact other than the lapse of time, which, unless excused, must exist 
 or occur before a duty of immediate performance arises.  Worley v. Yarborough 
 Ford, Inc., 317 S.C. 206, 210, 452 S.E.2d 622, 624 (Ct. App. 1994).  
 Even assuming a condition precedent exists, the change in Maces credit history 
 occurred during the delay between the settlement and loan approval.  The circuit 
 court found the Bank caused the delay, and it would be improper to allow the 
 Bank to gain from its wrongdoing.
Furthermore, included in every contract, including 
 settlement agreements, is an implied covenant of fair dealing.  See Boddie-Noell 
 Properties, Inc. v. 42 Magnolia Pship, 344 S.C. 474, 484, 544 S.E.2d 279, 
 284 (Ct. App. 2000); see also Allen v. Allen, 301 
 S.E.2d 514, 515-16 (N.C. Ct. App. 1983).  In this case, the court found 
 the Banks unreasonable delay prejudiced Maces application.  
It took over two months from the settlement date 
 for the Bank to provide Mace with an application.  Although Mace improperly 
 completed the first application in pencil, he sent the Bank a proper application 
 on December 18, 2001.  The Bank took no action on this application for nearly 
 two months until it was denied based on Maces credit history sometime after 
 February 11, 2002.  Counsel for the Bank conceded that what amounted to a five-month 
 delay between settlement and denial of the loan application was unusual, but 
 instead insisted there was no evidence the Bank deliberately delayed reviewing 
 the application.  While it is difficult to reconstruct the exact reasons for 
 the delay, we find there is ample evidence to support the courts determination 
 that the Bank unreasonably delayed processing Maces application.  
CONCLUSION
For the reasons discussed above, 
 the circuit courts order is 
AFFIRMED.
HEARN, C.J., SHORT and WILLIAMS, JJ., concur.